UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| A&S HOTEL LLC d/b/a HOMELIFE STUDIOS & SUITES and EAGLE FLY LLC d/b/a EVANSVILLE INN & SUITES,<br><br>Plaintiffs,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:23-cv-74 |

## COMPLAINT

Plaintiffs, A&S Hotel LLC d/b/a HomeLife Studios & Suites and Eagle Fly LLC d/b/a Evansville Inn & Suites, by their undersigned attorneys, for their Complaint against Defendant, AmGUARD Insurance Company, state as follows:

## FACTS

1. A&S Hotel LLC d/b/a HomeLife Studios & Suites ("A&S") is an Indiana limited liability company with its principal place of business in Evansville, Indiana.

2. Arpit Trivedi, who is domiciled in Evansville, Indiana, is the sole member of A&S.

3. Eagle Fly LLC d/b/a Evansville Inn & Suites ("Eagle Fly"), is an Indiana limited liability company with its principal place of business in Owensboro, Kentucky.

4. Eagle Fly is comprised of the following members, both of whom are domiciled in Evansville, Indiana: Arpit Trivedi and Sidharth Trivedi.

5. AmGUARD Insurance Company ("AmGUARD") is a Pennsylvania citizen, being a Pennsylvania corporation with its principal place of business in Wilkes-Barre, Pennsylvania.

1

6. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred in this judicial district. Additionally, AmGUARD does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

## COUNT I
### (Breach of Contract – A&S)

8. A&S re-alleges paragraphs 1, 2, and 5 through 7 of the Facts of the Complaint as paragraph 8 of Count I of the Complaint.

9. A&S is the owner of the building located at 100 South Green River Road in Evansville, Indiana ("the A&S building"), out of which it owns and operates a hotel.

10. AmGUARD issued to A&S a Businessowners insurance policy effective June 6, 2022 to June 6, 2023 (the "A&S policy", a copy of which is attached to this Complaint as Exhibit A).

11. Under the A&S policy, AmGUARD agreed to pay for direct physical loss of or damage to the A&S building caused by or resulting from wind.

12. On or about August 1, 2022, while the A&S policy was in full force and effect, the roof system of the A&S building and the solar panels affixed thereto were damaged by wind ("the wind loss").

13. A&S duly submitted a claim to AmGUARD for benefits due and owing under the A&S policy.

14. A&S has substantially performed all post-loss conditions required by the A&S policy be to performed by it, requested of it, and/or not waived by AmGUARD including, but not limited to, giving prompt notice of the wind loss, cooperating with AmGUARD in the investigation of the wind loss and ensuing claim, exhibiting the A&S building for inspection on multiple occasions, and timely filing suit against AmGUARD.

15. Although requested to do so, AmGUARD has failed and refused to pay A&S all of the wind damage to the A&S building, including the solar panels, which failure and refusal constitutes a breach of the A&S policy.

16. AmGUARD's breach of the A&S policy was and is the direct and proximate cause of damage to A&S in an amount in excess of $75,000.

WHERERFORE, Plaintiff, A&S Hotel LLC d/b/a HomeLife Studios & Suites, prays for judgment in its favor and against Defendant, AmGUARD Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
### (Breach of Contract – Eagle Fly)

17. Eagle Fly re-alleges paragraphs 3 through 7 of the Facts of the Complaint as paragraph 17 of count II of the Complaint.

18. Eagle Fly is the owner of the building located at 2530 Highway 41 North in Evansville, Indiana ("the Eagle Fly building") out of which it owns and operates a hotel.

19. AmGUARD issued to Eagle Fly a Businessowners insurance policy effective August 9, 2021 to August 9, 2022 (the "Eagle Fly policy", a copy of which is attached to this Complaint as Exhibit B).

20. Under the Eagle Fly policy, AmGUARD agreed to pay for direct physical loss of or damage to the Eagle Fly building caused by or resulting from wind.

3

21. On or about August 1, 2022, while the Eagle Fly policy was in full force and effect, the roof system of the Eagle Fly building and the solar panels affixed thereto were damaged by wind ("the wind loss").

22. Eagle Fly duly submitted a claim to AmGUARD for benefits due and owing under the Eagle Fly policy.

23. Eagle Fly has substantially performed all post-loss conditions required by the Eagle Fly policy to be to performed by it, requested of it, and/or not waived by AmGUARD including, but not limited to, giving prompt notice of the wind loss, cooperating with AmGUARD in the investigation of the wind loss and ensuing claim, exhibiting the Eagle Fly building for inspection, and timely filing suit against AmGUARD.

24. Although requested to do so, AmGUARD has failed and refused to pay Eagle Fly for all of the wind damage to the Eagle Fly building, including the solar panels, which failure and refusal constitutes a breach of the Eagle Fly policy.

25. AmGUARD's breach of the Eagle Fly policy was and is the direct and proximate cause of damage to Eagle Fly in an amount in excess of $75,000.

WHERERFORE Plaintiff, Eagle Fly LLC d/b/a Evansville Inn & Suite, prays for judgment in its favor and against Defendant, AmGUARD Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT III
**(Bad Faith – A&S)**

26. A&S re-alleges paragraphs 8 through 16 of count I of the Complaint as paragraph 26 of count III of the Complaint.

27. AmGUARD breached its obligation to deal in good faith with A&S in investigating, adjusting, and paying the claim submitted by A&S in one or more of the following respects in that, without reasonable justification, it:

(a) assigned a claims representative to A&S' claim, Jasmine Myer, who lacked the appropriate background, training, and experience to handle a wind damage claim and who AmGUARD's management failed to properly supervise during the pendency of the claim;

(b) disclaimed coverage for the wind damage to the solar panels based on the erroneous position that they were not properly installed, and thus excluded under the "Negligent work" exclusion;

(c) disclaimed coverage for the wind damage based on the "Negligent work" exclusion when it knew or should have known that the damage was covered under the "resulting loss" exception to the exclusion, to the extent the solar panels were not properly installed;

(d) refused to pay for the wind damage to the solar panels without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm to investigate the wind loss, HAAG Engineering, who is repeatedly used by and is biased in favor of insurers like AmGUARD;

(e) only paid A&S $205,805.57 for the actual cash value of the wind damage to the roof system of the A&S building, a payment which understated the loss, as evidenced by the estimate prepared by A&S' public insurance adjuster, which it unreasonably ignored;

(f) delayed in making its $105,805.57 supplemental actual cash value payment by almost seven (7) months after the wind loss;

(g) delayed in making its $100,000 advance actual cash value payment by nearly four (4) months after the wind loss; and

(h) failed to attempt in good faith to effectuate a prompt, full, fair, and equitable settlement of the wind loss and ensuing claim, a loss in which liability was reasonably clear, in violation of Indiana rules, regulations, and laws regarding unfair property claims settlement practices.

WHEREFORE, Plaintiff, A&S Hotel LLC d/b/a HomeLife Studios & Suites, prays for an award of compensatory damages, reasonable attorneys' fees, and litigation costs in its favor and against Defendant, AmGUARD Insurance Company.

## COUNT IV
### (Bad Faith – Eagle Fly)

28. Eagle Fly re-alleges paragraphs 17 through 25 of count II of the Complaint as paragraph 28 of count IV of the Complaint.

29. AmGUARD breached its obligation to deal in good faith with Eagle Fly in investigating, adjusting, and paying the claim submitted by Eagle Fly in one or more of the following respects in that, without reasonable justification, it:

(a) assigned a claims representative to Eagle Fly's claim, Jasmine Myer, who lacked the appropriate background, training, and experience to handle a wind loss claim and who AmGUARD's management failed to properly supervise during the pendency of the claim;

(b) disclaimed coverage for the wind damage to the solar panels based on the erroneous position that they were not properly installed;

(c) disclaimed coverage for the wind damage based on the "Negligent work" exclusion when it knew or should have known that the damage was covered under the "resulting loss" exception to the exclusion, to the extent the solar panels were not properly installed;

(d) refused to pay for the wind damage to the solar panels without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm to investigate the wind loss, HAAG Engineering, who is repeatedly used by and is biased in favor of insurers like AmGUARD;

(e) only paid Eagle Fly $315,652.97 for the actual cash value of the wind damage to the roof of the Eagle Fly building, a payment which understated the loss, as evidenced by the estimate prepared by Eagle Fly's public insurance adjuster, which it unreasonably ignored;

(f) delayed in making its $215,652.97 supplemental actual cash value payment by almost seven (7) months after the wind loss;

(g) delayed in making its $100,000 advance actual cash value payment by nearly four (4) months after the wind loss; and

(h) failed to attempt in good faith to effectuate a prompt, full, fair, and equitable settlement of the wind loss and ensuing claim, a loss in which liability was reasonably clear, in violation of Indiana rules, regulations, and laws regarding unfair property claims settlement practices.

WHEREFORE, Plaintiff, Eagle Fly LLC d/b/a Evansville Inn & Suites, prays for an award of compensatory damages, reasonable attorneys' fees, and litigation costs in its favor and against Defendant, AmGUARD Insurance Company.

**Plaintiffs demand a trial by jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
*Attorneys for Plaintiffs*